**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| IN RE: § | |
| § | Case No. 04-35574-BJH-11 |
| THE HERITAGE ORGANIZATION, L.L.C., § | Chapter 11 |
| § | |
| § | Adversary No. 06-03401-BJH |
| Debtor, § | |
| CARL E. BERG, § | |
| § | |
| Movant, § | |
| § | |
| V. § | Civil Action No. 3:06-CV-2030-N |
| § | |
| DENNIS S. FAULKNER, TRUSTEE, § | |
| and GARY M. KORNMAN, § | |
| § | |
| Respondents. § | |

## DFENDANT CARL E. BERG'S MOTION FOR RECONSIDERATION OF ORDER DENYING WITHDRAWAL OF REFERENCE AND SUPPORTING BRIEF

**TO THE HONORABLE U.S. DISTRICT JUDGE AND BANKRUPTCY JUDGE:**

Pursuant to Federal Rule of Civil Procedure 59(e)[1] Berg moves the Court to reconsider its Order Denying Motion to Withdraw Reference and would show the Court the following:

**I.**

Berg's motion to withdraw reference was to make certain that Third Party Defendant Gary M. Kornman could not later raise subject matter jurisdiction with regards to the proceedings in the Bankruptcy Court after the Bankruptcy Court expressed doubts about subject

---

[1] Motions for reconsideration, although not expressly provided for by the Federal Rules of Civil Procedure, are commonly brought under Fed. R. Civ. P. 59(e), motion to alter or amend. *See U.S. v. Greenwood,* 974 F.2d 1449, 1468 (5th Cir. 1992).

**DEFENDANT CARL E. BERG'S MOTION FOR RECONSIDERATION OF ORDER
DENYING MOTION TO WITHDRAW REFERENCE AND SUPPORTING BRIEF – Page 1**

matter jurisdiction over Berg's Third Party Petition against Gary M. Kornman. Berg affirmatively took action by reason of the motion to withdraw reference to cure any perceived questions of subject matter jurisdiction.

## II.

Several times during the hearing on the Motion to Compel Arbitration on October 26, 2006, the Bankruptcy Court raised the issue of subject matter jurisdiction. The Bankruptcy Court inquired:

> " . . . I am struggling to understand the basis for bankruptcy court jurisdiction over two non-debtor third parties." [2]

Later during the hearing, the Bankruptcy Judge questioned subject matter jurisdiction again. She noted:

> "... well let me tell you two problems. One, I am not convinced I even have jurisdiction over Mr. Kornman's and Mr. Berg's dispute. So I need someone to help me with that how I have jurisdiction over two non-debtor's claims against each other. I am not seeing the effect upon the estate at this point – it may well be the indemnity I am not sure what will be argued but I am curious as to my jurisdiction over the claims that Mr. Berg wishes to assert against Mr. Kornman but I will tell you that I am really struggling with compelling arbitration against Mr. Kornman because one he did not sign the agreement and two he has not sued Mr. Berg to take the benefit of the agreement and at least as I read the Texas cases on this issue that is the predicate to hold someone who is not a signatory to an agreement to arbitrate. They have to be seeking to recover the benefits under the agreement and therefore the Courts in Texas have held that under those circumstances it is appropriate to compel a non-signatory to go to arbitration – but that is not what we have here." [3]

A third time during the hearing the Bankruptcy Court noted:

> ...Subject matter jurisdiction is always an issue whether it's raised by the parties or not. So I don't think the fact that Mr. Kornman has not asserted it doesn't mean that I don't need to be concerned about it. So frankly I would like both of you to

---

[2] Exhibit A - Transcript, 10/25/2006; Motion to Compel Arbitration, p. 5 - 6.

[3] Exhibit A - Transcript, 10/26/2006; Motion to Compel Arbitration, p. 6 -7.

address this jurisdiction question because again there is no point in me proceeding with a lawsuit over which I have no jurisdiction particularly when it gives either of you the potential to see if you like the outcome and then raise it on appeal since it can be raised at any time in the proceeding. That would be a colossal waste of my time and the litigant's money to have the issue lurking out there and not addressed early on. So my hope is that you will give both some thought to that and you both may agree that there is jurisdiction here and you may convince me that there is jurisdiction here. I'm not prejudging anything in terms of jurisdiction but I do have a question about it. [4]

### III.

Berg responded after the October 24, 2006 hearing, by a letter brief to the Bankruptcy Judge, which was incorporated into a Reply to the Motion to Compel Arbitration that asserted that the bankruptcy court did have subject matter jurisdiction over Berg's Third Party Petition against Kornman. (Exhibit B) Berg also took steps to cure any perceived questions regarding subject mater jurisdiction by filing a supplement to the Third Party Petition to allege diversity jurisdiction. (Exhibit C) Kornman also filed a stipulation regarding subject matter jurisdiction over him after the October 26, 2006 hearing to respond to the Bankruptcy Court' s concerns. (Exhibit D).

### IV.

Berg argued that subject matter jurisdiction existed over Kornman because Kornman has a proof of claim against the estate for liability and that this could affect the estate of Heritage. (Exhibit E- Amended Proof of claim of Kornman) Arguably, Kornman's claim affects the Heritage estate because it asserts a contingent claim against it even though it does not mention Berg's litigation against him specifically in the claim. But even as an officer of Heritage, Kornman does not have a right of indemnity for fraud or the other torts Kornman committed while acting on behalf of Heritage. A corporation may indemnify an officer only if he acted in

---

[4] Exhibit A - Transcript, 10/24/2006, Motion to Compel Arbitration, p. 44-45.

good faith and it may not indemnify an officer where the officer was aware that his actions were in violation of the law. *Adelphia Communs. Corp. v. Rigas (In re Adelphia Communs. Corp.)*, 323 B.R. 345, 367 (Bankr. D.N.Y. 2005), *citing*, *Del. Gen. Corp. Law* § 145(a), *Del. Code Ann. Tit.* 8, §145(a). Therefore, the Trustee should object to Kornman's claim if it is based on damages assessed against Kornman that arises out of any alleged fraud by him against Berg.

## V.

If Kornman has no valid claim against Heritage and the estate for indemnification for his alleged fraud or torts against Berg, then he could arguably later claim that Berg's claim against him does not affect Heritage because he could have never had a valid claim against Heritage in the first place. Also, at the time the claim was filed, Berg had not been sued by the Trustee and Kornman has filed no amendment to a proof of claim specifically seeking contribution or indemnity specifically with regard to the Berg's Third Party Petition against him. Kornman's situation is unusual in that he has litigated the exact tax strategies before,[5] has been indicted on criminal charges, and it taking the Fifth Amendment in the current adversary proceeding as to Berg's claims. As the Bankruptcy Judge noted it would be a colossal waste of her time and the litigants money to have subject matter jurisdiction lurking and not addressed early on.[6] Berg only intends to prevent Kornman from arguing at any time that there is no subject matter jurisdiction over him, notwithstanding a stipulation, subject matter jurisdiction cannot be waived. *Randall & Blake, Inc. v. Evans (In re Canion),* 196 F. 3d 579 (5th Cir. 1999); *Gober v Terra Corp., (In re Gober),* 100 F. 3d 1195 (5th Cir. 1996).

---

[5]Kornman has litigated the tax strategies. *Colm Producers, Inc. v. United States of America*, 2006 U. S. Dist. LEXIS 80741 (N.D. Tex. October 16, 2006)

[6] Exhibit A - Transcript, 10/24/2006, Motion to Compel Arbitration, p. 44-45.

---

**DEFENDANT CARL E. BERG'S MOTION FOR RECONSIDERATION OF ORDER**
**DENYING MOTION TO WITHDRAW REFERENCE AND SUPPORTING BRIEF – Page 4**

## VI.

Berg contends that Kornman and the Trustee are subject to arbitration. Berg appealed the Bankruptcy Court's order denying arbitration.[7] He has requested that the appeal and the motion to withdraw reference be consolidated before the same District Court because essentially the same evidentiary record below is before the Court on both matters and it would be efficient for one court to handle both matters. If the District Court on appeal determines that the matter should be sent to arbitration, then it has the mechanism of withdrawing the reference to send the matter to arbitration and by doing so it cures any possible question of subject matter jurisdiction over Kornman.

## VII.

Cause for determining when a bankruptcy matter should be withdrawn "in whole or in part" is allowed under 28 U.S.C. 157(d). Cause is not limited to the factors set out in *Holland America Ins. Co. v. Succession of Roy*, 777 F.2d 992 (5th Cir. 1985). Cause could exist when: (1) subject matter jurisdiction is questioned over a third party claim; (2) the express terms of a note stipulate that suit be brought in federal court or state court; and (3) "related to" jurisdiction could unfairly limit the rights of a defendant to proceed against a third party defendant. Berg respectfully urges the District Court to reconsider its order denying the motion to withdraw reference.

**WHEREFORE,** Berg requests that the Court reconsider its order denying the motion to withdraw the reference.

---

[7] The appeal from the order denying arbitration is pending in *Case Number 06-CV-2243-L, Carl E. Berg, Appellant v. Dennis S. Faulkner, Trustee of the Estate of Heritage Organization, LLC and Gary M. Kornman, United States District Court, Northern District of Texas, Dallas Division.*

Respectfully submitted,

By: /s/ Perry J. Cockerell
    PERRY J. COCKERELL
    State Bar No. 04462500

**CANTEY & HANGER, L.L.P.**
1999 Bryan Street, Suite 3330
Dallas, TX  75201
(214) 978-4139
Fax:  (214) 978-4150

**ATTORNEYS FOR CARL E. BERG**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of this document was mailed to all counsel listed below by electronic court filing, on this, the 10th day of January, 2007.

E. Lee Morris
Munsch Hardt Kopf & Harr, P.C.
3800 Lincoln Plaza
500 N. Akard Street
Dallas, Texas  75201-6659

Jeffrey Tillotson
John Volney
Lynn, Tillotson & Pinker, LLP
750 N. St. Paul, Suite 1400
Dallas, Texas  75201

    /s/ Perry J. Cockerell
    PERRY J. COCKERELL

---

**DEFENDANT CARL E. BERG'S MOTION FOR RECONSIDERATION OF ORDER**
**DENYING MOTION TO WITHDRAW REFERENCE AND SUPPORTING BRIEF – Page 6**